UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY P. RICKSECKER,<br>　　　　Plaintiff,<br>　　v.<br>FORD MOTOR COMPANY,<br>　　　　Defendant. | Case No. 21-cv-04681-HSG<br>**ORDER DENYING MOTION TO REMAND**<br>Re: Dkt. No. 15 |

Plaintiff Gregory P. Ricksecker ("Plaintiff") initiated this lawsuit against Defendants Ford Motor Company ("Ford") and Henry Curtis Ford on February 5, 2021, in Sonoma County Superior Court. *See* Dkt. No. 1-2 (or "Compl."). Ford removed the action to this Court on diversity grounds, and Plaintiff now moves to remand. *See* Dkt. Nos. 1, 15. Plaintiff's Motion to Remand is fully briefed. *See* Dkt. Nos. 15 ("Mot."), 18 ("Opp."), and 19 ("Reply"). [1] The Motion is **DENIED** for the reasons discussed below.

I.　**BACKGROUND**

According to the Complaint, Plaintiff bought a 2014 Ford Fusion ("Fusion") on or around October 30, 2015. Compl. ¶ 8. The Fusion was manufactured and/or distributed by Ford and sold by Ford's authorized dealership in Sonoma County, California. *Id.* When Plaintiff purchased the Fusion, he also received an express written warranty providing that, if a defect developed during the warranty period, Plaintiff could deliver the Fusion for repair services to Ford's representative. *Id.* The Complaint alleges that even though the Fusion developed various defects during the express warranty period, Defendant Ford and its representatives did not service or repair it to

---

[1] The Court finds the motion suitable for decision without oral argument and deems the matter submitted. *See* Civ. L.R. 7-1(b).

conform to applicable warranties. *Id.* ¶¶ 9, 25

Based on these facts, Plaintiff sued Defendants Ford and Henry Curtis Ford in Sonoma County Superior Court on February 5, 2021. *See generally id.* The Complaint alleges claims for breach of express and implied warranties under California's Song Beverly Consumer Warranty Act, Cal. Civ. Code § 1790, et seq. ("the Song Beverly Act"), as well as Fraud by Omission and Negligent Repair against Defendant Henry Curtis Ford. *See id.* ¶¶ 24-68.

Although Plaintiff's Complaint does not specify the amount of damages sought, it alleges that "Plaintiff suffered damages in a sum to be proven at trial in an amount that is not less than $25,001.00." *Id.* ¶ 22. The Complaint also seeks: (1) "Plaintiff's actual damages in an amount according to proof;" (2) restitution; (3) rescission of the purchase contract and/or restitution of all monies expended; (4) rescission of purchase contract under California Civil Code section 1692; (5) a civil penalty in the amount of two times Plaintiff's actual damages under Civil Code section 1794, subdivision (c) or (e); (6) any consequential and incidental damages; (7) costs of the suit and Plaintiff's reasonable attorneys' fees under Civil Code section 1794, subdivision (d); and (8) punitive damages. *See id.* at 14.

Plaintiff dismissed Defendant Henry Curtis Ford from the action on May 18, 2021. *See* Dkt. No. 1-4. On June 18, 2021, Defendant Ford filed its Notice of Removal. Dkt. No. 1 (or "Removal Notice").

## II. LEGAL STANDARDS

### A. Removal Jurisdiction

A defendant may remove any civil action to federal court where the district court would have original jurisdiction over the action. 28 U.S.C. § 1441; *see also Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). To do so, a party seeking removal must file a notice of removal within 30 days of receiving the initial pleading or within 30 days of receiving an amended pleading, motion, order or "other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(1), (3). The notice must contain a "short and plain statement of the grounds for removal." *Id.* § 1446(a); *see also Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015).

The removing party bears the burden of establishing removal jurisdiction. *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 683–85 (9th Cir. 2006). A plaintiff may seek to remand a case to the state court from which it was removed if the district court lacks jurisdiction or if there was a defect in the removal procedure. 28 U.S.C. § 1447(c).

**III.   DISCUSSION**

District courts have diversity jurisdiction over civil actions between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332. Defendant's Notice of Removal alleges that now that Henry Curtis Ford has been dismissed, complete diversity of citizenship exists because Plaintiff is a citizen of California and Ford is a Delaware Corporation with its principal place of business in Michigan. *See* Compl. ¶¶ 2, 4, 5; Notice of Removal ¶¶ 5-6. Plaintiff's Motion does not dispute the existence of complete diversity. *See generally* Mot. Instead, Plaintiff contends that this Court lacks jurisdiction because Defendant's Notice of Removal does not establish that the amount in controversy exceeds $75,000. *See id.* at 1. The Court disagrees.

The amount in controversy is the "amount at stake in the underlying litigation," and it therefore "includes all relief claimed at the time of removal to which the plaintiff would be entitled if she prevails." *Fritsch v. Swift Transportation Co. of Arizona, LLC*, 899 F.3d 785, 793 (9th Cir. 2018) (internal citations and quotation marks omitted). Put differently, the amount in controversy "encompasses all relief a court may grant on [the] complaint if the plaintiff is victorious." *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 415 (9th Cir. 2018). Because Plaintiff's Complaint does not specify the amount of damages sought, Defendant Ford must prove by a preponderance of the evidence that the amount in controversy requirement has been met. *See Abrego Abrego*, 443 F.3d at 683.

Plaintiff's Complaint seeks, among other things: (1) damages in an amount that is "not less than $25,001;" (2) a civil penalty of two times Plaintiff's actual damages; (3) remedies including the entire contract price of the Fusion; and (4) Plaintiffs' reasonable attorneys' fees and costs. *See* Compl. at 7, 14. Defendant contends that the Complaint places more than $75,000 in controversy because Plaintiff seeks actual damages of no less than $25,001 *and* two times the amount of actual

3

damages as civil penalties under the Song-Beverly Act. *See* Opp. at 1.

This math checks out. By seeking both damages in an amount that is "not less than $25,001" and "a civil penalty in the amount of two times Plaintiff's actual damages," Plaintiff's Complaint seeks a minimum of $75,003. *See* Compl. at 7, 14. Since $75,003 exceeds $75,000, the federal amount-in-controversy requirement is satisfied. *See, e.g.*, *Coronel v. Ford Motor Co.*, No. 19-CV-09841-DSF-JEM, 2020 WL 550690, at *6 (C.D. Cal. Feb. 4, 2020) ("If plaintiff's actual damages are at least $25,001, a civil penalty twice that amount would be $50,002. Therefore, between actual damages and the civil penalty alone, Plaintiff put more than $75,000 in controversy.").

Plaintiff does not dispute this calculation but still contends that the Notice of Removal fails to meet Defendant's burden for two primary reasons. First, Plaintiff argues that the Complaint's allegation that Plaintiff suffered damages "in an amount that is not less than $25,001" does not mean that his *actual damages* are at least $25,001, but rather that his *total damages* (including actual damages, civil penalties, attorneys' fees, punitive damages, etc.) are at least $25,001. *See* Mot. at 6. The Court finds this interpretation implausible. The Complaint specifically seeks remedies "including the entire contract price" of the Fusion, and Defendant provided the Retail Installment Sales Contract, which shows that the "Total Sale Price" of the Fusion is $35,547.721. *See* Compl. ¶ 33; Dkt. No. 1-5. When Plaintiff's claim for the "entire contract price" of the Fusion is considered, then, the Complaint's allegation that Plaintiff suffered damages "in an amount that is not less than $25,001" is clearly not a reference to Plaintiff's total damages.[2]

Plaintiff's second argument fares no better. The crux of it is that although the Song-Beverly Act *permits* a plaintiff to obtain a civil penalty of up to two times the amount of actual damages, Defendant has presented "no evidence whatsoever" that Plaintiff will *actually receive* the maximum amount of civil penalties. *See* Mot. at 10. But no such evidence is required. While

---

[2] *See also Covarrubias v. Ford Motor Co.*, No. 19-CV-01832-EMC, 2019 WL 2866046, at *6 (N.D. Cal. July 3, 2019) ("Plaintiff's claim for the full contract price of [his] Vehicle thus resolves any ambiguity regarding damages—the allegation that [he] 'suffered damages in a sum to be proven at trial in an amount not less than $25,001.00' must be interpreted to refer to actual damages exclusive of civil penalties."); *Verastegui v. Ford Motor Co.*, No. 19-CV-04806-BLF, 2020 WL 598516, at *3 (N.D. Cal. Feb. 7, 2020) (same).

4

1  recognizing that district courts have split on the issue, courts in this District have held that a
2  plaintiff places the maximum civil penalty in controversy when their complaint alleges that they
3  are entitled to that maximum amount.  *See, e.g.*, *Pestarino v. Ford Motor Co.*, No. 19-CV-07890-
4  BLF, 2020 WL 1904590, at *3 (N.D. Cal. Apr. 17, 2020); *Verastegui v. Ford Motor Co.*, No. 19-
5  cv-04806-BLF, 2020 WL 598516, at *3 (N.D. Cal. Feb. 7, 2020).

6        This makes sense.  As the Ninth Circuit has explained, "[t]he amount in controversy is
7  simply an estimate of the total amount in dispute, not a prospective assessment of [a] defendant's
8  liability." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010).  So what
9  Defendant must prove by a preponderance of the evidence is that the Complaint seeks the
10 maximum civil penalty authorized by the Song-Beverly Act, not that Plaintiff will actually receive
11 it.  *See Chavez*, 888 F.3d at 415 (The amount in controversy "encompasses all relief a court may
12 grant on that complaint if the plaintiff is victorious."); *Fong v. Regis Corp.*, No. 13-CV-04497-RS,
13 2014 WL 26996, at *2 (N.D. Cal. Jan. 2, 2014) ("The ultimate inquiry is what amount is put 'in
14 controversy' by the plaintiff's complaint, not what a defendant will actually owe.").  What the
15 Complaint seeks is obvious here because it explicitly alleges that "Plaintiff is entitled to a civil
16 penalty of two times Plaintiff's actual damages pursuant to Civil Code section 1794, subdivision
17 (c)."  Compl. ¶ 27.  And while Plaintiff may now assert that he might recover damages that are
18 less than what he sought in his Complaint, that "does not change the fact that his Complaint *put in*
19 *controversy* far more than that." *Verastegui*, 2020 WL 598516, at *3 (citations omitted) (emphasis
20 in original).  Hence, by seeking damages in an amount that is not less than $25,001 and a civil
21 penalty in the amount of two times Plaintiff's actual damages, Plaintiff has "put in controversy"
22 civil penalties exceeding $50,000 and total damages exceeding $75,000.  *See, e.g.*, *McDonald v.*
23 *BMW of N. Am., LLC*, No. 3:17-CV-2011-CAB-BLM, 2017 WL 5843385, at *1-*2 (S.D. Cal.
24 Nov. 28, 2017) (Where "[t]he complaint states that Plaintiff's damages exceed $25,000, and prays
25 for actual damages, statutory penalties of two times actual damages, attorney's fees and punitive
26 damages," no "guesswork or investigation" is needed to see that "Plaintiff seeks, at a minimum, in
27 excess of $75,000, not including attorney's fees or punitive damages.").

28        The amount in controversy requirement is satisfied, and because Defendant also has

established complete diversity, the Court has subject matter jurisdiction over Plaintiff's claims under 28 U.S.C. § 1332(a).³

## IV. CONCLUSION

The Court **DENIES** Plaintiff's Motion to Remand and **SETS** a telephonic case management conference on January 11, at 2:00 p.m.  All counsel shall use the following dial-in information to access the call:

    Dial-In:  888-808-6929;

    Passcode:  6064255

For call clarity, parties shall NOT use speaker phone or earpieces for these calls, and where at all possible, parties shall use landlines.  The Court has reviewed Docket No. 21, and the parties need not file any further statement before the case management conference.

**IT IS SO ORDERED.**

Dated: 12/22/2021

*/s/ Haywood S. Gilliam, Jr.*
HAYWOOD S. GILLIAM, JR.
United States District Judge

---

³ Plaintiff also seeks reasonable attorneys' fees and costs under California Civil Code section 1794, subdivision (d).  *See* Compl. at 14.  As the Ninth Circuit has explained, "when a statute or contract provides for the recovery of attorneys' fees, prospective attorneys' fees must be included in the assessment of the amount in controversy." *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 922 (9th Cir. 2019).  Based on "substantial" experience litigating Song-Beverly Act cases and a review of fee motions made by Plaintiff's counsel in other Song-Beverly Act cases, Defendant alleges that the attorneys' fees sought in this case, as in many others, will likely exceed $50,000. *See* Opp. at 18.  The Court finds that Defendant's estimate is persuasive and supported by sufficient personal knowledge.  This data reinforces the Court's conclusion that the total amount in controversy in this case easily exceeds $75,000.

6