UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY P. RICKSECKER,<br><br>Plaintiff,<br><br>v.<br><br>FORD MOTOR COMPANY,<br><br>Defendant. | Case No. 21-cv-04681-HSG (SK)<br><br>**REPORT AND RECOMMENDATION FOR MOTION FOR ATTORNEYS' FEES AND COSTS**<br><br>Regarding Docket Nos. 41, 42 |

This matter was referred to the undersigned for a report and recommendation on the motion for attorneys' fees and costs filed by Plaintiff Gregory P. Ricksecker ("Plaintiff") against Defendant Ford Motor Company ("Defendant"). For the reasons set forth below, the Court RECOMMENDS GRANTING IN PART and DENYING IN PART Plaintiff's motion. The Court GRANTS Plaintiff's request for judicial notice. Fed. R. Evid. 201.

## BACKGROUND

Plaintiff filed this "lemon law" action under California's Song-Beverly Consumer Warranty Act ("Song-Beverly Act"), Cal. Civ. Code §§ 1790-1795.8, against Defendants Ford Motor Company ("Ford") over issues with his 2014 Ford Fusion (the "Vehicle"). On September 8, 2022, the parties requested that the Court enter judgment because Plaintiff accepted Defendant's Rule 68 Offer of Judgment. (Dkt. No. 36.) The Court entered judgment, and Plaintiff now moves to recover his attorneys' fees and costs, seeking an award of $57,798.78 to Strategic Legal Practice, APC (SLP), Plaintiff Counsel ("Counsel").

## ANALYSIS

State law governs awards of attorneys' fees in diversity cases. *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y,* 421 U.S. 240, 260 (1975); *see also Riordan v. State Farm Mut. Auto. Ins. Co.*, 589 F.3d 999, 1004 (9th Cir. 2009) ("In a diversity case, the law of the state in which the

district court sits determines whether a party is entitled to attorneys' fees, and the procedure for requesting an award of attorney fees is governed by federal law.").

Under California law, buyers who prevail in an action under the Song-Beverly Act are entitled to "the aggregate amount of costs and expenses, including attorney's fees based on actual time expended, determined by the court to have been reasonably incurred by the buyer in connection with the commencement and prosecution of such action." Cal. Civ. Code § 1794(d). A party is a prevailing party if the court, guided by equitable principles, decides that the party has achieved its "main litigation objective." *Graciano v. Robinson Ford Sales, Inc.*, 144 Cal. App. 4th 140, 150-51 (2006). Ford does not dispute that Plaintiff, the prevailing party in this action, is entitled to recoup reasonable attorneys' fees, costs, and expenses under the Song-Beverly Act. Therefore, the only question here is whether Plaintiff's request for of $57,798.78 in attorneys' fees and costs is reasonable.

Under California law, "a court assessing attorney fees begins with a touchstone or lodestar figure, based on the careful compilation of the time spent and reasonable hourly compensation of each attorney involved." *See Ketchum v. Moses*, 24 Cal. 4th 1122, 1131-32 (2001) (internal quotation, citation and alteration omitted); *see also PLCM Group v. Drexler*, 22 Cal. 4th 1084, 1095 (2000) (determining what constitutes reasonable attorneys' fees "ordinarily begins with the 'lodestar,' i.e., the number of hours reasonably expended multiplied by the reasonable hourly rate."). "The reasonable hourly rate is that prevailing in the community for similar work." *PLCM Group*, 22 Cal. 4th at 1095 (citations omitted).

"The lodestar figure may then be adjusted, based on consideration of factors specific to the case, in order to fix the fee at the fair market value for the legal services provided." *Id*. These factors include:

> the nature of the litigation and its difficulty; the amount of money involved in the litigation; the skill required and employed in handling the litigation; the attention given to the case; the attorney's success, learning, age and experience in the particular type of work demanded; the intricacy and importance of the litigation; the labor and necessity for skilled legal training and ability in trying the case; and the amount of time spent on the case

*Niederer v. Ferreira*, 189 Cal. App. 3d 1485, 1507 (1987).

Upon review of the Counsel's supporting evidence, the Court finds that the rates of and hours expended by Counsel were reasonable.

**A.      Hours Expended.**

"[A]bsent circumstances rendering the award unjust, an attorney fee award should ordinarily include compensation for *all* the hours *reasonably spent* . . . ." *Ketchum*, 24 Cal. 4th at 1133 (emphasis in original). Reasonably expended time is generally time that "could reasonably have been billed to a private client." *Moreno v. City of Sacramento,* 534 F.3d 1106, 1111 (9th Cir. 2008). Here, the Court finds that the time Plaintiff's Counsel expended litigating this matter was reasonable.

Counsel seeks to recover fees for 90.4 of hours incurred in researching, drafting, and filing the Complaint, reviewing Defendant's Answer, attending mediation, opposing Defendant's motion to compel arbitration, briefing his motion to remand, propounding and responding to discovery requests, filing stipulations, and reviewing and advising Plaintiff regarding Defendant's two Rule 68 Offers of Judgment. (Dkt. No. 41; Dkt. No. 52, Corrected Ex. 31.) Notably, only 20.5 of those hours were billed by attorneys whose rates exceeded $450 and hour. (Dkt. No. 52, Corrected Ex. 31.)

Defendant makes several arguments in support of its contention that Counsel's compensated hours should be reduced to 73.2 hours. First, Defendant argues that Counsel should not be compensated for work that was not actually performed. Counsel sought $3,500 for work it anticipated performing on the reply in support of this motion. However, Counsel actually spent a combined 10 hours for a total of $3,830 on its reply, which is less than the $3,500 Plaintiff requests. (Dkt. No. 50-1, ¶¶ 4, 6, 7.)

Second, Defendant argues that Plaintiff's motion for fees and costs was a "cookie-cutter template" and that Counsel's fees should be reduced from 12 hours to 8.6 hours related to this motion. While Counsel may have used some of the language and legal citations from a prior motion, Plaintiff's current motion is not a replica of Counsel's prior motion in a different case filed in a different District. (*Compare* Dkt. Nos. 41, 42, 43, and 44 *with* Dkt. No. 48-3.) Moreover, 12 hours is not excessive amount of time to prepare a motion for fees and its supporting

3

documents.

Third, Defendant argues that the Court should reduce Counsel's time entries for inefficient, unnecessary or redundant billing but fails to provide any examples of redundant billing. Instead, Defendant makes the same argument it did with respect to the motion for attorneys' fees and costs – that Counsel has filed similar complaints, opposed similar motions to compel arbitration, and filed similar motions to remand and, thus, Counsel's "boilerplate" work should be reduced. The Court finds that the 4.6 hours related to Plaintiff's complaint, 8 hours expended to oppose the motion to compel arbitration, and 11 hours related to Plaintiff's motion to remand are not excessive.

Fourth, Defendant also argues that Counsel overstaffed this case based on the number of attorneys who billed time but fails to point to any duplicative work. Relatedly, based solely on the number of attorneys involved, Defendant argues that the Court should deduct 30 minutes related to preparing and reviewing summaries and internal communication. However, 30 minutes over the course of the entire litigation is not excessive.

Fifth, Defendant argues that the Court should deduct 4 hours for block billing, without identifying which entries purportedly contained blocks of unspecified tasks. Upon review of Plaintiff's documentation, the Court finds that Counsel did not inappropriately engage in block billing. (Dkt. No. 52, Corrected Ex. 31.)

Lastly, Defendant contends that Counsel had more senior attorneys bill for tasks for which less senior, and less expensive, attorneys could have performed. For one type of task, the Court concurs. Scott Johnson, with an hourly rate of $550, billed 8 hours for drafting discovery requests and a deposition notice. Instead, such tasks could have been performed by a less senior attorney. The Court finds that Counsel should be compensated at the billing rate for Daniel Law in 2021 ($425), when those tasks were completed. In 2021, Daniel Law was a senior associate with nine years of experience   Therefore, the Court RECOMMENDS deducting $900 from Plaintiff's requested attorneys' fees.

In addition, with the exception of the $900 billed for drafting discovery requests, the Court has reviewed the billing documentation and, combined with all the factors above, finds that the

4

1  hours expended by Counsel were well-documented and reasonable.

2  **B.   Attorney Rates.**

3  Next, Defendant challenges the rates charged by Counsel. To determine whether Counsel's hourly rates are reasonable, the Court looks to the "hourly amount to which attorneys of like skill in the area would typically be entitled." *Ketchum*, 24 Cal. 4th at 1133. Counsel, as the fee applicant, bears "the burden of producing satisfactory evidence, in addition to the affidavits of its counsel, that the requested rates are in line with those prevailing in the community for similar services of lawyers of reasonably comparable skill and reputation." *Jordan v. Multnomah Cnty.*, 815 F.2d 1258, 1263 (9th Cir. 1987). "Generally, when determining a reasonable hourly rate, the relevant community is the forum in which the district court sits." *Prison Legal News v. Schwarzenegger*, 608 F.3d 446, 454-55 (9th Cir. 2010) (quoting *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008)). "As another court in this district noted with respect to a similar Song-Beverly Act suit, 'the prevailing rates charged in the San Francisco legal market are among the highest in the state.'" *Wu v. BMW of N. Am., LLC*, 2022 WL 2802979, at *3 (N.D. Cal. July 18, 2022) (quoting *Bratton v. FCA US LLC*, 2018 WL 5270581, *5 (N.D. Cal. Oct. 22, 2018) (noting that the "relevant forum" for consideration is the San Francisco Bay Area)). Additionally, in calculating the lodestar, counsel may use their current hourly rates at the time of the fee motion. *See, e.g.*, *In re Washington Pub. Power Supply Sys. Sec. Litig.*, 19 F.3d 1291, 1305 (9th Cir. 1994) (noting that "[f]ull compensation requires charging current rates for all work done during the litigation, or by using historical rates enhanced by an interest factor").

Plaintiff here seeks to recover the following rates for Counsel's attorneys who worked on this matter:

(1) Andranik Tchapkhanian, who was admitted to the California Bar in 2018: 2022 rate of $395 an hour;

(2) Ariel Harman-Holes, who was admitted to the California Bar in 2017: 2022 rate of $400 an hour;

(3) Daniel Law, who graduated from law school in 2012 and was admitted to the California Bar in 2016: 2021 rate of $425 an hour and 2022 rate of $440 an hour

5

   (4) Ezra Ryu, who was admitted to the California Bar in 2017: 2021 rate of $385 an hour;

   (5) James Doddy, who was admitted to the California Bar in 2004: 2021 rate of $595 an hour;

   (6) Karin Kuemerle who graduated from law school in 2003: 2021 rate of $595 an hour;

   (7) Nadine Aslaadi, who was admitted to the California Bar in 2021: 2022 rate of $350 an hour;

   (8) Nino Sanaia, who was admitted to the Georgia Bar in 2015 and passed the California Bar in May 2022: 2022 rate of $385[1] an hour;

   (9) Scott Johnson, who was admitted to the California Bar in 1996: 2021 rate of $550 an hour;

   (10) Tionna Dolin, who was admitted to the California Bar in 2014: 2021 rate of $450 an hour and 2022 partner rate of $550 an hour; and

   (11) Zavig Mkrdech, who was admitted to the California Bar in 2022: 2022 rate of $350 an hour.

(Dkt. No. 44 (Declaration of Payam Shahian); Dkt. No. 52.)

   Other courts in the Bay Area have approved rates similar to and higher than those requested by Counsel in lemon law cases. *Hanai v. Mercedes-Benz USA, LLC*, 2022 WL 718037, at *2 (N.D. Cal. Mar. 10, 2022) ("A review of several recent decisions in this district reveals hourly rates ranging from $225 to $650 for lemon law attorneys.") (citing cases); *see also Chen v. BMW of N. Amer.*, 2022 WL 18539356, at *3-4 (N.D. Cal. Nov. 14, 2022) (finding hourly rates between $400 to $600 reasonable); *Wu v. BMW of N. Am., LLC*, 2022 WL 2802979, at *3-4 (N.D. Cal. July 18, 2022) (awarding attorneys $450 to $600 for 2021 rates); *Covarrubias v. Ford Motor Co.*, 2021 WL 3514095, at *4-5 (N.D. Cal. Aug. 10, 2021) (approving hourly rates for between $385 and $550 for the years 2019 through 2021); *Cardoso v. FCA US LLC*, 2021 WL 1176532, at

---

[1] In its motion Plaintiff states that it seeks $350 an hour for the work performed by Nino Sanaia, but in the supporting declaration, Plaintiff seeks an hourly rate of $385 for Sanaia. (Compare Dkt. No. 41 at p. 9 *with* Dkt. No. 44, ¶ 53, Ex. 31.) In light of the fact that Sanaia has been practicing law for over seven years, it appears as though the $350 was a typographical error. The Court will include Sanaia's 2.70 hours at the rate of $385 in the recommended award.

1  \*3 (N.D. Cal. Mar. 29, 2021) (finding hourly rates of $340 to $624 reasonable); *Nguyen v.*

2  *Simpson Strong-Tie Co., Inc.*, 2020 WL 5232564, at \*9-10 (N.D. Cal. Sept. 2, 2020) (hourly rates

3  between $563.50 and $676.20 were reasonable).  Counsel also submits cases where courts have

4  found its requested rates reasonable.  (*See* Dkt. No. 41 at pp. 6-7 (citing cases); Dkt. No. 44, Exs.

5  14, 15, 16, 22, 23.)

6        Defendant cites to cases from the Central and Eastern Districts of California to argue that

7  courts have not approved the rates Counsel seeks.  However, as stated above, the relevant

8  community is the Northern District of California.  *Prison Legal News*, 608 F.3d at 454-55

9  ("Generally, when determining a reasonable hourly rate, the relevant community is the forum in

10 which the district court sits.").  Moreover, "the prevailing rates charged in the San Francisco legal

11 market are among the highest in the state."  *Wu*, 2022 WL 2802979, at \*3 (quoting *Bratton*, 2018

12 WL 5270581, \*5)).

13       The Court finds that Plaintiff has demonstrated that his Counsel's requested rates are

14 within the range of prevailing rates for attorneys in the Bay Area of comparable skill,

15 qualifications, reputation, and experience and Defendant fails to rebut this evidence.

16 **C.    Multiplier.**

17       The California Supreme Court has instructed courts to consider the following factors in

18 adjusting the lodestar using a multiplier:

19 > (1) [T]he novelty and difficulty of the questions involved, (2) the skill displayed in presenting them, (3) the extent to which the nature of the litigation precluded other employment by the attorneys, (4) the contingent nature of the fee award. . . . The purpose of such adjustment is to fix a fee at the fair market value for the particular action. In effect, the court determines, retrospectively, whether the litigation involved a contingent risk or required extraordinary legal skill justifying augmentation of the unadorned lodestar in order to approximate the fair market rate for such services.

24 *Ketchum*, 24 Cal. 4th at 1132.

25       Plaintiff requests that the Court apply a 1.35 lodestar multiplier to his request for attorneys'

26 fees.  However, the Court finds applying a multiplier is unwarranted under the *Ketchum* factors.

27 The first and third factors weigh against a multiplier because this case did not involve any novel or

28 complex issues, nor did it preclude other employment by SLP.  Additionally, while Counsel

7

1  obtained an excellent result for Plaintiff, as Counsel describes the facts of this case, Plaintiff had a
2  strong case. The Court finds that this case did not "require extraordinary legal skill justifying
3  augmentation of the unadorned lodestar in order to approximate the fair market rate for
4  [Counsel's] services." *Id.*, 24 Cal. 4th at 1132. Therefore, the Court RECOMMENDS against
5  applying a multiplier.

**D.     Costs.**

Defendant filed a statement of non-opposition with respect to Plaintiff's requested costs. (Dkt. No. 48-1.) The Court RECOMMENDS that Plaintiff be awarded the full amount of costs he seeks: $1,316.00.

**CONCLUSION**

For the foregoing reasons, the Court RECOMMENDS GRANTING IN PART and DENING IN PART Plaintiff's motion for attorneys' fees and costs. The Court RECOMMENDS deducting $900 and not providing a multiplier but allowing the remainder of Plaintiff's requested fees and costs for a total of $41,846.50 in attorneys' fees and $1,316.00 in costs.

Any party may file objections to this Report and Recommendation with the district court within fourteen days of being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

**IT IS SO ORDERED**.

Dated: February 3, 2023

SALLIE KIM
United States Magistrate Judge

8